Mr. Justice Sbiith
delivered the opinion of the court.
The defendant in error brought an action of assumpsit upon a promissory note against the plaintiff in the circuit court of Hinds county. To this suit of the plaintiff below, three pleas were pleaded, to wit, First, the general issue; secondly, a plea alleging that the note upon which the suit is founded was given by the defendant, in consideration of a pretended sale of a certain tract of land, made by the plaintiff to the defendant, and none other; and averring that at the time of the sale and of the execution of the' note, the plaintiff wilfully and fraudulently represented to the defendant, that he had a bona fide title in fee simple to the land which he proposed to sell, well knowing at the same time that such was not the fact, but that the title to said land was in the representatives of one William Downs, deceased. And, in the third plea it was stated, that before the execution of the note plaintiff fraudulently represented himself as having a perfect title in fee to the land before described; that in consideration that the plaintiff promised to convey the land to them they executed the note, and for no other purpose or consideration. Issue was joined upon all of the pleas. It does not appear from the record, that any evidence was offered in support of either of the last two pleas, but that the counsel for the defendant asked of the court to instruct the jury, that on the issues sub *122 mitted to them it was incumbent on the plaintiff to entitle himself to a verdict, to show title in himself to the land described in defendant’s pleas. This instruction, however, the court refused to give; to which opinion of the court the defendant’s counsel excepted, and has removed the cause, into this court by writ of error. The gtaáiliff’s counsel have assigned two errors, for which they claim a reversal of the judgment of the circuit court, to wit: 1. That the court erred in refusing to instruct the jury upon the state of facts and pleadings above detailed; that unless the plaintiff proved title in himself to the land designated in the 2d and 3d pleas of defendant, they must find for the defendant; and 2. that there is error in the finding of the jury, inasmuch as it ought to have been for the defendant and not for plaintiff.
It will be necessary only to notice the first objection, as the second is dependent upon-it. It is an invariable rule that a party who seeks a recovery in a court of justice must sustain his cause of action or ground of defence by .legal evidence, and that in no case is the plaintiff or defendant required to disprove the allegations of his opponent. It is, therefore, manifest that there was no error in the refusal of the court to give instruction asked for by defendant’s counsel.
The judgment must be affirmed.